IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


KEVIN WAYNE EWING,

                    Plaintiff,

          v.                              CASE NO. 17-3190-SAC

JASON SMARTT, et al.,

                    Defendants.


<u>**NOTICE AND ORDER TO SHOW CAUSE**</u>

Plaintiff Kevin Wayne Ewing, a state prisoner appearing pro se, brings this 42 U.S.C. § 1983 civil rights complaint.  For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

**I.  Nature of the Matter before the Court**

Plaintiff's complaint (Doc. #1) has to do with his sentence in Sedgwick County, Kansas Case No. 85 CR 1434 and perhaps the sentences imposed as result of his other convictions. Plaintiff names as defendants: Jason Smartt, his appointed public defender for purposes of a motion to correct illegal sentence in 85 CR 1434; Kansas District Court Judge John J. Kisner; and David Lowden, the prosecutor.

The following background is taken from the Kansas Court of Appeals decision in *State v. Ewing*, 369 P.3d 342 (Kan. App. 2016)(unpublished).  In 85 CR 1434, Plaintiff was charged with burglary, a Class D felony.  He pleaded guilty and was ordered to serve an indeterminate sentence of not less than two years or more than ten years.  On December 24, 2014, Defendant

Smartt filed a motion for sentence conversion or a motion to correct illegal sentence on Plaintiff's behalf in state court. In the motion, Defendant Smartt argued Plaintiff's sentence was illegal and should be converted under K.S.A. 21-4724 to a guidelines sentence because his prior convictions should have been classified as nonperson offenses. The motion was rejected by the district court and the Kansas Court of Appeals. The Court of Appeals found that Plaintiff was also convicted of attempted aggravated robbery in 1988, a crime that would have been classified as requiring presumptive imprisonment under the KSGA, and therefore, none of Plaintiff's pre-KSGA sentences were eligible for conversion. *Id.* at *2.

However, it does not appear that Plaintiff is making the same arguments here. He seems to be claiming that he was never convicted of burglary in 85 CR 1434. Plaintiff alleges Defendant Smartt brought the case to the state court's attention by filing the motion to correct illegal sentence because he discovered there was an incomplete trial with no verdict or outcome. Mr. Ewing states his attorney at the time of his sentencing failed to get him back to court on a 120 day call back for the grant of plea agreement. Plaintiff claims that after filing the motion, Defendant Smartt then "decided to sell [Plaintiff] out" by altering the "whole record of 85 CR 1434 by changing my journal entry judgment-sentencing to a guilty plea." Doc. #1, p. 8. Plaintiff states that at the hearing on the motion, all three defendants "[made] [his] illegal sentence look like its over the conversion issue" when his "illegal sentence has nothing to do with conversion." Doc. #1, p. 8-9. Plaintiff alleges the sentence in 85 CR 1434 was "put in ex post facto in 1993," presumably when the Kansas Department of Corrections issued a Sentencing Guidelines Report for him.

Plaintiff seeks the following relief: "to vacate the illegal sentence," actual damages, and punitive damages. He states in conclusion that he should have been "converted and released over 24 years ago." Doc. #1, p. 10.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

To survive this review, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In applying the *Twombly* standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Leverington v. City of Colo. Springs,* 643 F.3d 719, 723 (10th Cir. 2011).

While a pro se plaintiff's complaint must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), pro se status does not relieve the plaintiff of "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). In addressing a claim brought under § 1983, the analysis begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id.*

## III. Discussion

Plaintiff's complaint is subject to dismissal for a number of reasons.

### A. Habeas Nature of Claims

While the factual allegations in Plaintiff's complaint are not clear, it appears to the Court that what Mr. Ewing seeks is to have his sentence in Case No. 85 CR 1434 vacated, his remaining sentences converted, and ultimately to be released from prison. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff's claims are not cognizable under § 1983 but must instead be brought under 28 U.S.C. § 2254 or § 2241. A prisoner cannot use § 1983 to obtain relief where success "would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Before recovering damages under § 1983 for an allegedly unconstitutional conviction or sentence, a plaintiff must show that the conviction or sentence has

been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff cannot make such a showing at this time.

The Court could construe Mr. Ewing's action as a petition for habeas corpus. However, that would not solve Plaintiff's problems. Before filing a habeas corpus petition under either § 2254 or § 2241 in federal court, a prisoner must have exhausted all available state remedies. Plaintiff makes no showing that he has exhausted his state remedies as to the issues he raises here. "[W]hen a petitioner fails to exhaust his state court remedies, the federal habeas petition should be dismissed to allow the petitioner to return to state court to pursue those remedies." *Johnson v. Kansas Parole Board*, 419 F. App'x 867, 870 (10th Cir. 2011), citing *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).

**B. Improper Defendants**

In addition to the habeas nature of Mr. Ewing's claims, he also fails to name a defendant subject to suit under § 1983. Defendants Kisner and Lowden, as a judge and prosecutor respectively, are immune from liability for monetary damages. Defendant Smartt, as a public defender, is not a state actor and therefore cannot be held liable under § 1983.

It is well established that a judge is absolutely immune from civil liability for judicial acts, unless committed in clear absence of all jurisdiction, and the same immunity continues even if "flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); see also *Whitesel v. Sengenberger,* 222 F.3d 861, 867 (10th Cir. 2000). To determine whether a judge is entitled to absolute judicial immunity, courts consider whether the act itself is a function normally performed by a judge and whether the judge acted in his judicial

capacity. *See id.* at 362. Plaintiff's only allegation about Judge Kisner is that he conspired with Plaintiff's attorney to hide material facts at the hearing on Plaintiff's motion to correct illegal sentence in Case No. 85 CR 1434. In addition to being completely conclusory, this allegation clearly falls within absolute judicial immunity.

Prosecutors enjoy absolute immunity from civil suits for damages asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Mink v. Suthers,* 482 F.3d 1244, 1261 (10th Cir. 2007)("a prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate"). As with Judge Kisner, the only specific allegation Plaintiff makes about Prosecutor Lowden is that he is "conspiring with my counsel Jason Smartt, hiding material facts as is shown from the hearing on Apr. 10, 2015." Doc. #1, p. 3. This was the state court hearing on Plaintiff's motion to correct illegal sentence. The "material facts" must be the purported incomplete trial or lack of "verdict/outcome." Therefore, Plaintiff is complaining about the prosecutor's actions in representing the State of Kansas in opposing Plaintiff's motion. This falls squarely within the functions performed by the state's advocate or prosecutor. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993). Actions taken as an advocate or, more specifically, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State" are covered by absolute immunity. *Id.* at 273. Because Plaintiff has alleged only misconduct regarding actions taken in prosecuting and advocating a sentence, absolute prosecutorial immunity applies here.

As for Defendant Smartt, a public defender is not typically a state actor and therefore cannot be held liable under § 1983. A public defender representing an indigent defendant in a state court criminal proceeding does not act under color of state law as required to be subject to

liability under § 1983.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Dunn v. Harper County*, 520 F. App'x 723, 725-26 (10th Cir. 2013)("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant.").  Plaintiff's conclusory allegations that Defendant Smartt conspired with the other defendants and "sold him out" is not enough to show Mr. Smartt was acting under color of state law.

Because none of the defendants named by Plaintiff are proper, Plaintiff's complaint is subject to dismissal.

### C.  Failure to state a federal constitutional claim

Even though Plaintiff states that he is not arguing about conversion of his sentences under the KSGA, this is belied by his concluding statement that he should have been converted and released 24 years ago.  As a result, his claim appears to involve the alleged misapplication of the KSGA.  This is a state law question rather than a claim based on a violation of the U.S. Constitution or federal statutory law as is required for this Court to provide relief under either §1983 or the federal habeas corpus statutes.  *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994); *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *Richmond v. Embry,* 122 F.3d 866, 870 (10th Cir. 1997), *cert. denied,* 118 S.Ct. 1065 (1998)

Plaintiff also attempts to make an ex post facto challenge to his sentence or sentences. The United States Constitution prohibits the passage of ex post facto laws.  U.S. Const. Art. I, § 10, cl.1.  "The focus of the ex post facto inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage'... but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable."  *California Dept. of Corrections v. Morales,* 514 U.S. 499, 506 n. 3 (1995).  The only legislative change implicated

in Plaintiff's complaint is the KSGA. Although the KSGA provides for limited retroactivity, its provisions neither lengthen Plaintiff's duly-imposed sentence nor otherwise enhance his punishment. Therefore his claim of an ex post facto violation fails.

Finally, Plaintiff's argument that he was never convicted in 85 CR 1434 seems to be spurious in any event. It appears from Kansas online court records, of which this Court takes judicial notice, that the hearing on Plaintiff's motion to correct illegal sentence resulted in a finding that there was a data entry error regarding the outcome of the charge. After Plaintiff appealed the ruling on his motion, the online records indicate that there was a request for transcripts of Plaintiff's plea hearing and sentencing hearing in 85 CR 1434. A 7-page transcript of a guilty plea hearing held on December 2, 1985, and a 9-page transcript of a sentencing hearing held on December 31, 1985, were produced, indicating the hearings were held and Plaintiff was in fact convicted and sentenced.

## IV. Response Required

For the reasons stated herein, it appears that Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. The failure to file a timely, specific response waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999). Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **December 15, 2017**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 15th day of November, 2017, at Topeka, Kansas.


s/  Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**