IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEVIN WAYNE EWING,**

       **Plaintiff,**

  v.             CASE NO. 17-3190-SAC

**JASON SMARTT, et al.,**

       **Defendants.**

## MEMORANDUM AND ORDER

   This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. By order dated November 15, 2017, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim upon which relief may be granted. The Court found that Mr. Ewing's complaint is subject to dismissal because his claims are habeas in nature and barred by the *Heck* doctrine, the defendants named by Mr. Ewing are all immune from suit for damages, and he failed to state a federal constitutional claim. Before the Court is Plaintiff's response to the show cause order.

   Mr. Ewing filed two letters (Doc. #5 and #10) which the Court has considered as responses to the order to show cause. In those filings, Mr. Ewing essentially restates his claims, failing to address the *Heck* bar, the immunity of the defendants from damages claims, or that his claims are grounded in state law.

1

First, Mr. Ewing continues to argue that he received an illegal sentence. It remains unclear to the Court precisely what he is arguing, or even what sentence or sentences he believes to be illegal. Plaintiff mentioned in his Complaint his belief that he had an "incomplete trial, no verdict/outcome" in Sedgwick County Case No. 85CR1434. Doc. #1 at 10. Mr. Ewing also mentions "multiplicity" and "merger" several times in his various filings. *See, e.g.*, Doc. #5 at 1 ("My PSI reports have been changed in 2016 hiding the multiplicity and merger violations that KDOC in Hutchison, Kansas, is responsible for"); *Id.* at 2 (The PSI reports showed that "4 sentences were still alive – running for over 30 years. That's the multiplicity."); Doc. #1 at 9 ("My illegal sentence is based on a miscarriage of justice, multiplicity and merger.").

It may also be that Mr. Ewing's illegal sentence argument is inextricably tied up with the conversion issue, although he seems to deny this ("all three defendants are making my illegal sentence look like its over the conversion issue", Doc. #1 at 8). He continues to argue in his responses that his sentences should have been converted under the Kansas Sentencing Guidelines Act (KSGA). Mr. Ewing may be contending that the KSGA should have been retroactively applied to all of his prior sentences to convert them to guidelines sentences, and the failure to do so transformed his legal sentences into illegal ones.

In any event, Mr. Ewing fails to state a claim on which relief may be granted under § 1983. His § 1983 action is barred because success here would necessarily imply the invalidity of his sentences or result in speedier release, and the challenged sentences have not already been invalidated by the state courts or through a federal habeas corpus action. *See Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005); *Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

If the Court were to treat Mr. Ewing's complaint as a petition for habeas corpus, it would not do him any good as he has failed to exhaust his state remedies on these issues. "Generally, it

is a prerequisite to habeas relief that a petitioner exhaust his remedies in state court." *Clayton v. Gibson,* 199 F.3d 1162, 1170 (10th Cir. 1999). Moreover, even if he had exhausted his remedies in state court, alleged violations of state law are not cognizable in a federal habeas corpus proceeding. *Pulley v. Harris,* 465 U.S. 37, 41 (1984). The question of the conversion of Mr. Ewing's state sentences involves interpreting a state statute governing the modification of indeterminate sentences in light of the KSGA. This Court could offer Plaintiff no relief as "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). Mr. Ewing's apparent allegation of error in the application of the state sentencing statute presents no cognizable claim for federal habeas corpus review. *See e.g., Matthews v. Price,* 83 F.3d 328, 331 (10th Cir. 1996)(even if state court were to err in interpreting state statute, federal court does not address habeas claim for alleged error of state law).

For the reasons stated above, Plaintiff fails to state a claim on which relief may be granted, and his complaint must be dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED.**

DATED: This 2nd day of February, 2018, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**